Ms. Linda Jeffrey Shawnee County Courthouse 200 E. 7th St., Ste. 203 Topeka, Kansas 66603-3933
Dear Ms. Jeffrey:
As Shawnee county counselor, you request our opinion on application of K.S.A. 19-4315 to members of the Shawnee county civil service board.
K.S.A. 19-4315 provides:
 "Except as otherwise authorized in this act, no person holding office or employed under the provisions of this act shall be an officer or employee of any political party or organization, actively engaged in the work or campaigns of any political party or any candidate for public office or contribute work, money or property of value to any political party or organization or to any candidate for public office: Provided, That this prohibition shall not deny the right of such officer or employee to vote in any election. Violation of any of the provisions of this section shall be grounds for discharge from employment."
The question is whether the members of the civil service board are "person[s] holding office or employed under the provisions of this act." K.S.A. 19-4314 in part states:
 "The provisions of this act shall apply to all officers or employees of the sheriff's office other than the sheriff, undersheriff, secretarial employees, clerical employees, cooks or maintenance personnel."
Further, there is a provision specifically addressing the topic of political activities restrictions on civil service board members. K.S.A.19-4306 in part states:
 "No person appointed as a member of said civil service board shall hold any office in any political party, except for the office of precinct committeeman or committeewoman, nor shall any person be appointed as a member of said civil service board who holds any public office or position of public employment, other than notary public or as a member of the armed services."
The board of Shawnee county commissioners passed a charter resolution in 1983 to replace K.S.A. 19-4306. The resolution provided the same restrictions on the civil service board members as in K.S.A. 19-4306, and added a prohibition that members should not have a conflict between their employment, business or other pecuniary interests in their duties as a member of civil service board, in the opinion of the board of county commissioners.
In construing statutes, the legislative intent is to be determined from a general consideration of the entire act. Effect must be given, if possible, to the entire act and every part thereof. To this end, it is the duty of the court, as far as practicable, to reconcile the different provisions so as to make them consistent, harmonious and sensible. Toddv. Kelly, 251 Kan. 512, 516 (1992). If we would construe that K.S.A.19-4315 applies to the members of the civil service board, then they can be precinct committee persons, but cannot engage in the work of a political party. This is not a consistent nor sensible result of reading these statutes. We conclude that K.S.A. 19-4315 does not apply to the members of the civil service board, because their political activities are governed by K.S.A. 19-4306.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Nobuko K. Folmsbee Assistant Attorney General
RTS:JLM:NKF:bas